## Case No. 12,588.

The SEARLE W. JACOBS.

[Olc. 502.] 1

District Court, S. D. New York. March, 1847.

SEAMEN —WAGES — PROCEEDS OF VESSEL — PRIMA FACIE CASE.

A claim for wages, set up after the vessel has been sold upon due proceedings instituted upon a claim for supplies furnished her, and sought to be recovered out of the proceeds of

---

1 [Reported by Edward R. Olcott, Esq.]

the vessel in court, will be disallowed, unless supported by more than prima facie evidence; especially when the rate of wages claimed is unusually high.

This was a suit for seaman's wages. The libellant, H. Williams, alleges that in the month of December, 1845, while the sloop Searle W. Jacobs was at the port of Cherry Stone, in the state of Virginia, destined on a voyage to the port of New-York, David Van Wagner, the master of the vessel, hired the libellant as a mariner, at the rate of twenty dollars per month; that in pursuance of the agreement, on the 26th day of December, 1845, libellant went on board of said vessel, and continued in the service of said vessel until the 29th day of April, 1846, when he was discharged; that by reason of such services there is due him the sum of seventy-two dollars and seventy cents, for which he prays judgment. The claimant answering, says he has no knowledge of the claim set up, and therefore denies any indebtedness. Further answering, he says that he filed his libel in this court on the 8th of September, 1846, for materials furnished to said vessel, on which process was duly issued, and monition, as is usual. Judgment was obtained, and on the 14th day of October the vessel was sold to pay the demands of respondent and his costs, being three hundred and seventy-seven dollars and seventeen cents, besides costs. He further alleges that the vessel was sold, and the proceeds, now in court, amount to three hundred and sixty-eight dollars and fifty-nine cents. He further alleges that the libel in this cause was filed the 7th of October last, without the signature or act of any proctor of this court, and that no publication was made, or act done, or motion made until after the sale of said vessel, and payment of the proceeds into court. Wherefore he prays that the libel be dismissed with costs.

Mr. Hackett, for libellant.
Burr & Benedict, for claimant.

BETTS, District Judge. This was a suit for the recovery of the wages of a seaman. It is alleged by the libellant that he shipped on board the sloop Searle W. Jacobs in December, 1845, in Cherry Stone, in the state of Virginia, on a voyage thence to the port of New-York, at the rate of $20 per month. He claims the sum of $72.70. After due and legal proceedings, the vessel was sued and sold on the 14th of October, under a claim for supplies furnished the vessel to the amount of $368 59, and the proceeds are now in court. In his libel, which is sworn to, the libellant says, "he hired at the rate of $25 per month, as will more fully appear by the shipping articles signed by him, in which the contract is fully set forth, and prays that it may be produced." To make out his claim he produces a nondescript instrument of writing purporting to be signed by David Van Wagner, captain of the vessel, from which it appears that he is to have $20 per month for

wages on board of the sloop. He proves by another witness that he was on board the sloop, and that his wages are worth that amount. The evidence is however quite indefinite. Elijah Chace, master of the steamer Henry Clay, introduced by the defence, says he has sailed for seven years from Cherry Stone, in Virginia; that it is quite a small place; that he is well acquainted there, and he never knew the libellant. He also testifies that he knew Van Wagner very well, and thinks he could not write. He further stated that this was a little fishing smack, not over thirty tons. The highest price given at Cherry Stone for first rate men is $12 per month; masters get $18, ordinary hands $10; his vessel, the Henry Clay, is 52 tons; he pays hands from $7 to $12; he himself gets $18 per month; the highest price pilots on the Chesapeake get is from $10 to $12. It is a significant fact that the libel was prepared by a party not a proctor of this court. A claim presented under such suspicious circumstances, the demand grossly exaggerated, and aided by the former master of the vessel, appears in such a questionable shape as to call for the most rigid scrutiny on the part of the court. If allowed, it is to deprive an honest creditor, who had furnished supplies for the vessel, of a portion of the sum that is due. The libellant must make out under the circumstances more than a prima facie case, and having failed to do so, I shall order the libel dismissed with costs.